TUCSON TITLE INSURANCE CO. *v.* DIX.

1. EXECUTORS AND ADMINISTRATORS—PROBATE COURTS—JURISDICTION —RESIDENCE OF DECEASED.

Where widow of deceased had been appointed administratrix of his estate and had reduced it to possession, order of probate court directing her to surrender said property to foreign administrator, on ground that deceased was not resident of Michigan at time of his death, was void under 3 Comp. Laws 1929, § 15521.

2. SAME—VACATING APPOINTMENT OF ADMINISTRATRIX.

Where proceeding in probate court and order appointing deceased's widow administratrix are regular on their face and show no want of jurisdiction, want of jurisdiction is not made to appear by mere filing in probate court affidavits in support of unsuccessful motions to vacate said appointment.

Appeal from Wayne; Murphy (Alfred J.), J. Submitted January 20, 1932. (Docket No. 211, Calendar No. 35,970.) Decided April 4, 1932.

Bill by Tucson Title Insurance Company, an Arizona corporation, administrator of the estate of George E. Mannhart, deceased, by appointment of Arizona probate court, and Myrtle E. Graham, administratrix of same estate by appointment of Michigan probate court, against Rachel Dix and others to require second-named plaintiff to turn over property of estate to first-named plaintiff, enjoin interference by defendants therewith, and for other relief. Bill dismissed. Plaintiffs appeal. Affirmed.

*Guy W. Moore* and *Hal P. Wilson,* for plaintiffs.

*Yerkes, Goddard & McClintock,* for defendants.

CLARK, C. J.  This appeal of plaintiffs from decree dismissing, on motion, bill of complaint is determined by 3 Comp. Laws 1929, § 15521:

"Jurisdiction assumed in any case by a judge of probate, so far as it depends on the place of residence of any person, or the location of his estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the same record."

George E. Mannhart, residing in Detroit, was ill and went to Arizona in the hope of improvement. He died there.  His widow, now Myrtle E. Graham, petitioned the probate court of Wayne county, Michigan, for appointment of administrator, in which petition it was alleged that Mannhart died a resident of said county leaving personal property to be administered.  An order was duly made and entered, November 23, 1927, by the probate court, granting administration to Myrtle E. Graham, and providing for bond, which was filed.  She, as such administratrix, has reduced the estate to possession.

It is said by counsel that under the law of Arizona the widow would take all property left by deceased, and that under law of Michigan she must share with the defendants, heirs-at-law.

On August 15, 1929, the administratrix filed a petition in the probate court to vacate and dismiss the proceedings and orders in the cause for the reasons, as alleged, that deceased was not a resident of Michigan at time of death and left no property in the State.  This petition was denied, without entry of formal order.

On January 15, 1930, another petition was filed in the court and cause by plaintiff Tucson Title Insur-

ance Company, a corporation, reciting that it had been appointed, on June 14, 1929, administrator of the estate of the deceased by order of the superior court of Pima county, Arizona, and praying an order that said administratrix be directed to surrender up to it all property of the estate in her hands. Order granting the prayer of the petition was entered by the probate court. This order was reviewed on certiorari in the circuit court and was reversed and held for naught. There was no appeal.

This bill in equity by the Arizona administrator and the Michigan administratrix seek to achieve what they failed to accomplish on the petitions to the probate court.

The order of the probate court, purporting to grant removal, on appeal, was held for naught, and it is naught.

The proceeding and order respecting granting letters of administration by the probate court of Wayne county are regular and on their face show no want of jurisdiction. Want of jurisdiction of record was not made to appear by the mere filing in the probate court the affidavits in support of the unsuccessful motions to vacate.

The statute above quoted, the validity of which is not attacked, controls.

Affirmed.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.